951 F.2d 1324
 293 U.S.App.D.C. 57
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
MARICOPA MEDIA, INC., Appellant,
v.
Federal Communications Commission, Appellee,
Hector Garcia Salvatierra, Limited Partnership, Intervenor.
 No. 90-1456, 90-1459, 90-1470, 90-1471, 90-1475, 90-1477,
90-1478 and 90-1481.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 7, 1991.
 
 Before BUCKLEY, D.H. GINSBURG and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 These appeals were submitted on the record from the Federal Communications Commission, and on the briefs and arguments of counsel. Upon full review of the issues presented, the court is satisfied that appropriate disposition of the appeals does not warrant an opinion. See D.C.Cir.Rule 14(c).
 
 
 2
 Substantially for the reasons adequately stated by the Commission in the rulings on review, we affirm the decision of the Commission with respect to Alden Television, Inc., Aztec Broadcasting Corp., Doylan Forney, and Tolleson Broadcasting Corp.
 
 
 3
 In the case of Estrella Communications, we affirm the decision of the Commission based on the factual finding of the Review Board, Doylan Forney, 3 FCC Rcd 6330, 6331-32 (1988), and adopted by the Commission, Doylan Forney, 5 FCC Rcd 5423 (1990), that general partner Carmen Arroyo-Duron would not adequately participate in management of the proposed station.
 
 
 4
 In the case of LI-COM, we affirm the decision of the Commission based on its finding that "[b]y virtue of their power to take the station from the general partners without their consent, the limited partners [of LI-COM] have more than a purely passive interest." Id. at 5424.
 
 
 5
 In the case of Maricopa Media, Inc., we reject the contention that the Commission's decision to deny integration credit because of legal services provided to Maricopa by a non-voting shareholder, James S. Kurz, constituted a retroactive application of a de facto rule against Maricopa. See Maricopa Brief at 7. Maricopa asserts that the rule was adopted by the Commission in its Clarification of Ownership Attribution, 1 FCCRcd 802 (1986). Id. at 4. That decision, however, did not establish any "rule" with respect to legal services; rather, it merely declined to carve out an exemption for legal services from the general policy prohibiting limited partners from providing any services relating to their partnerships' broadcast activities. Id. at 804.
 
 
 6
 Moreover, we do not consider Maricopa's untimely contention that the case should be remanded to the Commission for further consideration in light of its decision in Victory Media, Inc., 3 FCCRcd 2073 (1988). Maricopa raised this argument for the first time in its reply brief. See Maricopa Reply Brief at 1-4. "We will not consider a novel contention first advanced in a reply brief." Associacion de Compositores v. Copyright Royalty Tribunal, 809 F.2d 926, 928 (D.C.Cir.1987) (per curiam).
 
 
 7
 Finally, in the case of T.V. Broadcasters, Inc., we affirm the Commission's decision based on its finding that stockholder Jacqueline Zillioux would not have sufficient management responsibility to qualify for integration credit. Doylan Forney, 5 FCCRcd at 5426. We express no opinion as to the Commission's finding with respect to stockholder Esther Angulo. It is therefore
 
 
 8
 ORDERED and ADJUDGED by the court that the Commission's decision be affirmed.
 
 
 9
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15.